Judge Marshall
delivered the opinion of the Court.
One Clayton having gone upon the land of Chaney, supposing it to he vacant, and commenced cutting trees for logs to build a house th ere, Chaney came to him on the same day, when a few logs had been cut, and warned him not to make any improvement there upon his land. Whereupon, as the evidence conduces to prove Clayton agreed to lease from Chaney, and go on and put up his house, and occupy the land until the use of it would compensate him for his improvement, or Chaney was to pay him for his improvement if he did not occupy long enough. Under this parol agreement, Clayton proceeded to make the improvement, put up buildings, cleared between four and five acres, and occupied the same until his death, about five years after-wards. The value of the improvement is estimated at from $50 to $100, and the annual value at $10. Upon Clayton’s death, his widow remained in possession fora short time, and claiming the land as her own, had 50 acres surveyed, including the improvement, and placed Fogle upon it as her tenant, &c. Chaney sued out a warrant of forcible entry and detainer against Fogle, and the jury in the country having found him not guiltys the case was taken by traverse to the Circuit Court, where Fogle was found guilty of the forcible detainer, and a judgment of restitution rendered against him, for the reversal of which he prosecutes a writ of error.
Upon the facts above stated, we are of opinion that the jury was authorized to find that Clayton obtained the possession from Chaney, and under a parol lease of *139 the tenor above stated. He had no possession, but was a mere trespasser when Chaney interrupted his cutting, this he in effect conceded by the arrangement under which he went on with his improvement. And he is to be considered as having entered into possession as the tenant of Chaney. Thus considered, he and those holding under him were liable to be removed from the possession by writ of forcible entry or detainer, for a refusal to surrender it on or after the expiration of the lease.
One who enter* & lakes a parol lease, muy b ft proceeded vs \Of forcible detainer after the lease expires.
But the lease was for no certain period, and would by its terms continue until the occupancy of the improvement compensated for making it, which according to the estimate of some of the witnesses, would be done in five years, but in the opinion of others would require ten. Our statute of conveyancing, (of 1796,) declares in effect that no estate in land for a longer term than five years, shall pass from one person to another unless by deed, &c. If this is to be regarded as a lease for not more than five years, then it. expired about the time of Clayton’s death, and the disclaimer of his widow who succeeded him in the possession, and her leasing it to another was certainly equivalent to a refusal to yield the possession, and constituted a forcible detainer under the statute. And if the lease though in*, definite in its terms, is to be regarded as good for five years only, so that after that period the tenant if permitted to hold over, would become a tenant from year to year, requiring six months notice to terminate the tenancy, the disclaimer after the end of the five years, dispensed with notice to quit, and authorized this proceeding for a forcible detainer. The same conclusion follows, if it be assumed that the lease was for more than five years. For then it was either good for five years the consequence of which has been already Stated, or it wis good only from the beginning as a lease at will or from year to year terminable by six months notice which was dispensed with by a disclaimer in any one year, and certainly by disclaimer after the end of five years: (2 A. K. Marshall, 220. 1 Monroe, 128.)
Vvueie a lessee enters under a parol lea.se for more than five years, it ends with the 5 years, and- the writ of forcible detainer lies. If the tenant be regarded as tenant from year to year, & disclaimer of the .lessor's title or assertion of title by the tenant, dispenses with 6 months noiice to quit and forcible detainer lies..
Smith for pla intiff; Swope for defendant.
Conceding then that a mere disclaimer in parol or in the manner stated in this case, would not if made within the term of a lease for years be a forfeiture of the lease, authorizing an immediate entry by the lessor and making the further detention of the premises by the tenant a forcible detainer; we are satisfied that this concession does not for the reasons, already stated, pre-elude a recovery by the lessor in the present case. And as the instructions given by the Court were conformable with the principles of this opinion, and the evidence authorized the verdict; therefore the judgment is affirmed.